E-FILED
Friday, 24 April, 2026  04:17:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JONATHAN JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-02296-SEM-DJQ |
| | ) | |
| REGINA BOSIE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se, seeks to allege claims in this Court.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is

plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Allegations

Plaintiff names Prisoner Review Board member Regina Bosie, the Prisoner Review Board, the Illinois Department of Corrections, Menard, Graham, Stateville, and Taylorville Correctional Centers, Taylorville Records Supervisor Nancy Jacoby, the Administrative Review Board, and Illinois Department of Corrections Director Latoya Hughes, as Defendants.

Plaintiff includes several sets of allegations.

One set of allegations relates to Plaintiff's term in prison. In short, Plaintiff was released on Mandatory Supervised Release in October 2024 and believed he had a one-year term to serve. He intentionally violated the term of his MSR with the intent to serve the remainder of the one-year term in prison (for which he could also receive day for day credit). His MSR was revoked by the Prison Review Board because he violated the terms. He was at some point thereafter imprisoned at Taylorville Correctional Center.

While at Taylorville, Records Supervisor Nancy Jacoby found an error in Plaintiff's records and recalculated Plaintiff's MSR term

as four years rather than one year, moving Plaintiff's discharge date to November 2026. Given the longer MSR term, Plaintiff sought a rehearing at the Prison Review Board so he could be released on parole again but was denied, with the PRB indicating his MSR would have been revoked regardless of his personal reasons for choosing to intentionally violate the terms of his MSR.

A separate set of allegations relates to Plaintiff's health. There are two separate health issues.

First, Plaintiff has an aortic aneurysm, which existed before he went into IDOC custody. Plaintiff was sentenced in state court on April 3, 2024. He had an appointment set in June 2024 to have the aneurysm measured and assessed to see if it remained stable. The trial court was aware of the appointment and notified Menard Correctional Center (where Plaintiff was sent to serve his term) about it. When Plaintiff arrived at Menard, his blood pressure was high and he did not receive his blood pressure medicine for eight days. He missed the June appointment. After five months, he was sent out to have the aneurysm checked but the hospital was provided the wrong information so they checked for an abdominal aneurysm which Plaintiff does not have. When Plaintiff was released

in October 2024 to a halfway house, his aneurysm was assessed and was determined to be stable.

Second, Plaintiff complains about issues related to nodules in his right lung, which were first identified in winter 2024 while Plaintiff was at the halfway house. Tests were required to assess the nature of the nodules. One reason Plaintiff intentionally violated his MSR terms was so that he could be fully released sooner and address this lung issue on his own. When Plaintiff was at Taylorville, he was approved to see an outside doctor regarding his lung issues, in July 2025. That appointment was cancelled. The same occurred two weeks later. Plaintiff is concerned about the lack of testing for his lung nodules. It is unclear how long Plaintiff was at Taylorville. He is presently in prison at Vandalia and has been since summer or fall 2025. Plaintiff states he has not filed any grievances related to any medical issues since he was in prison at Menard in 2024, prior to his brief period in the community on MSR.

Finally, Plaintiff alleges issues related to sex offender treatment programming. He was denied access to that program at Taylorville because he had violated the terms of his MSR. He wants to participate in that program to earn good time credit. An evaluator

prepared a twenty-one page report stating Plaintiff did not need the sex offender treatment.

Pleading Standards

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules … is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Joinder of Claims

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Analysis – Procedural Pleading Issues

Plaintiff's pleadings do not meet the requirements of Rule 8. As to personal involvement of Defendants, Plaintiff alleges the direct involvement of Jacoby regarding recalculating his term of MSR and of PRB member Bosie in revoking his MSR. Otherwise, he does not allege the direct involvement of any individual. Plaintiff names several prisons, but prison facilities themselves cannot be sued. Instead, individuals have to be sued on claims of individual wrongdoing. Director Hughes and the IDOC can be sued for future injunctive relief only. These issues need to be addressed in any amended complaint.

Plaintiff's pleadings also appear to run counter to the joinder rules. Plaintiff combines issues that are unrelated to one another. If

he moves to amend, any proposed amended complaint must comply with the joinder rules described above. If Plaintiff wants to sue different Defendants about things that happened at different times and at different prisons, he will be required to proceed in separate lawsuits.

Certain claims do not belong in this District but instead belong in the Southern District of Illinois. Plaintiff's claims related to how Menard medical staff members treated his aneurysm would fall into that category, since Menard is in the Southern District of Illinois. As to Plaintiff's lung issue, it is unclear what periods of time he was held in what prisons while that issue has been ongoing. He was held for a period at Taylorville and has been held at Vandalia since filing this case. He would need to make these dates clear.

Finally, Plaintiff acknowledges that he has not filed any grievances regarding his health care complaints since 2024, when he was in prison at Menard. Failure to file and fully exhaust appeals on a prison grievance is an affirmative defense to a lawsuit filed by a prisoner. That means that, if a lawsuit is allowed to proceed, the defendants can ask to have it dismissed or to have certain claims or Defendants dismissed, if the plaintiff has not filed

and pursued a grievance through the final level of the Administrative Review Board.

These pleading issues call for dismissal of the complaint without prejudice and allowing Plaintiff an opportunity to file an amended complaint.

Analysis – Substance of the Claims

The Court will also briefly address the substance of Plaintiff's allegations as well so that he can take these matters into consideration in deciding whether and how to amend his pleadings.

*MSR Term*

Regarding the recalculation of Plaintiff's term of MSR, Plaintiff does not state a claim. The term of MSR is a mandatory component of a sentence and is automatically part of the sentence as a function of Illinois law. *People v. Lamb*, 2017 IL 122271, ¶¶16-17, 28. The Illinois Supreme Court has specifically stated that prosecutors and judges are not empowered to alter statutorily mandated MSR terms. *Lamb*, 2017 IL 122271, ¶16 ("We recognize that MSR terms are statutorily required and that the State has no right to offer the withholding of such a period as a part of the plea negotiations and the court has no power to withhold such period in

imposing sentence.") (cleaned up). So Plaintiff had no right to additional process before IDOC enforced the correct MSR term as established by statute. *See Nance v. Lane*, 663 F. Supp. 33, 35 (N.D. Ill. 1987).

If an error in initial (or for that matter, later) calculations of the correct MSR term exist, Illinois Department of Corrections personnel can correct the error and update records to ensure the statutory term of MSR is applied. If the term of MSR is inaccurately calculated in the view of a prisoner, he must seek relief through a petition for mandamus in state court pursued at all levels of review, followed, if unsuccessful in state court, by a petition for habeas corpus relief in federal court. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Ortega v. Ford*, No. 23-1784, 2024 WL 1634072, at *3 (7th Cir. Apr. 16, 2024), *cert. denied*, 145 S. Ct. 437 (2024).

*Aneurysm Assessment*

Plaintiff's claims related to his aneurysm care do not appear to state a claim. Though an appointment was missed and although

Plaintiff was eight days without certain medications, he also alleges that his aneurysm remained stable. He does not allege that he suffered any harm or injury from the delay in assessment of this existing condition. And Plaintiff does not name any specific individual, even by title or role, who he believes failed to properly provide care.

Plaintiff may still be able to state a claim for nominal, and possibly punitive, damages for deliberate indifference to a substantially increased risk of future harm for failure to properly monitor the aneurysm and ensure continuous receipt of medications. If he desires to pursue this claim, he may do so in his amended complaint. This claim would be specific to the actions of individuals responsible for Plaintiff's health care at Menard Correctional Center in the Southern District of Illinois. If Plaintiff includes these allegations in an amended complaint, and if those allegations state a claim, the Court will sever the claims into a new lawsuit and will transfer that lawsuit to the Southern District of Illinois, which will require payment of an additional filing fee for that lawsuit. Plaintiff should take all these matters into

consideration when deciding if he wants to pursue a claim related to the aneurysm treatment issue.

*Lung Care*

Plaintiff's allegations related to his lung care may be amended to state a claim. He alleges that imaging taken in winter 2024 indicated right lung nodules and that, after he was re-admitted to IDOC custody, part of which he served at Taylorville Correctional Center, he did not receive needed testing or assessment to of the nodules. Plaintiff alleges that he does not know if he has lung disease and does not know if additional treatment is possible or needed. If Plaintiff amends his complaint, he needs to identify the individuals he seeks to hold responsible for his inadequate healthcare at Taylorville, even if only by position or title, for this claim to proceed. If he knows, he should also allege whether he has been diagnosed with lung disease.

A hurdle Plaintiff will likely face as to this claim is that he acknowledges that he has not filed or pursued any grievances related to the lack of testing for his lung. If Plaintiff is still experiencing this issue at Vandalia, and if he intends to sue based on it, he may want to immediately pursue the administrative

grievance procedure through all levels of appeal, with specifics as to the individuals he believes are responsible, so that he can preserve any potential claim against the individuals responsible for his medical care at Vandalia.

*Prison Programming*

Finally, regarding the sex offender treatment program, there is no constitutional right to participation in prison programming for the purpose of earning good time credit. And Plaintiff's allegations indicate that based on the report prepared by IDOC personnel, he is not in need of and thus not eligible for that course of treatment anyway. As such, these allegations do not state a federal claim.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Complaint is DISMISSED.**

2. **Plaintiff has 35 days to file a motion for leave to amend with attached Amended Complaint. If he does not do so the case will be dismissed without prejudice.**

3. **Motions for Status [8] [9] [11] [12] are MOOT. Motion for Service [5] is DENIED pending any amended pleading.**

Entered this 24th day of April, 2026.

s/*Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE