E-FILED
Tuesday, 27 October, 2026 01:14:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JONATHAN JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-02296-SEM-DJQ |
| | ) | |
| REGINA BOSIE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Vandalia Correctional Center, pursues claims based on alleged denial of certain educational program sentence credits. The case is before the Court for a merit review of Plaintiff's Amended Complaint. The Court dismissed Plaintiff's initial Complaint because it did not state a claim for relief.

The Court must "screen" Plaintiff's amended complaint and through such process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names Amy Beck, Erica Knebel, Sarah Brown Foiles, and Illinois Department of Corrections Director Latoya Hughes, as Defendants.

Plaintiff pleaded guilty in Pope County Illinois Circuit Court case no. 2021CF38 to sexual relations within families, pursuant to 720 ILCS 5/11-11, a sex offense. In IDOC custody, Plaintiff participated in programming which, had he been eligible, would have resulted in him earning 90 days of program credit. But under 730 ILCS 5/3-6-3 (4.6), a prisoner convicted of a sex offense "shall receive no sentence credit unless he or she either has successfully completed or is participating in sex offender treatment as defined by the Sex Offender Management Board." Such prisoners may be awarded credit – solely at the discretion of the Director – if they are

waiting to receive treatment but are unable because of a lack of Department resources.

Plaintiff contends he is entitled to the credits and is absolved of participating in the statutorily required treatment because a sex offender evaluator recommended that he did not need any treatment and that no safety plan was needed pertaining to Plaintiff being around children. But Defendants have refused to accept these recommendations in lieu of completion of treatment and, in the absence of completed treatment, have declined to award the credits.

Plaintiff's first legal theory is that Defendants have violated his liberty interests by refusing to award these credits. Plaintiff contends that *In re Marriage of Donald B.*, 2014 IL 11546 (Ill. 2014) supports his position. It does not. *Donald B.* involves a provision of the Illinois Marriage and Dissolution of Marriage Act that barred a non-custodial parent who had been convicted of a sex offense perpetrated on a victim less than 18 years of age from obtaining court-ordered visitation with his or her children while serving his or her sentence and until successfully completing a treatment program approved by the court. There, the petitioner challenged the constitutionality of that provision of the IMDMA, but the Illinois

Supreme Court found the facial constitutional challenge moot upon finding the petitioner had 1) completed his sex offense sentence and 2) obtained a recommendation from a sex offense evaluator that no additional counseling or treatment was required. In reaching that conclusion, all the Illinois Supreme Court did was determine that the petitioner had discharged his obligations under the IMDMA, allowing for a visitation order to be entered. That holding does not translate or apply to Plaintiff's argument here. Plaintiff's situation is controlled by a different statute and seeks a different sort of relief.

Plaintiff does not have a cognizable liberty interest in sentencing credits until those credits have been awarded, and he is not eligible to earn the credits at this time. His allegations therefore do not state a claim. *See Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001); *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (holding that a "deprivation of the opportunity to earn good time credits . . . is not a constitutional violation").

Plaintiff's second theory is that 730 ILCS 5/3-6-3 is unconstitutional on its face because section 4.7 of that law allows convicted murderers to earn sentence credit that is denied to sex

offenders under section 4.6. But there is no equal protection claim where the comparator classes are dissimilar, and individuals convicted of murder are substantially and materially different than individuals convicted of sex crimes when considering the nature of their sentences and their ability to earn sentence credit. Plaintiff has not alleged a plausible equal protection claim. *See D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quoting *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008)) (To be "similarly situated," a plaintiff and "her comparators must be '*prima facie* identical in all relevant respects or directly comparable . . . in all material respects.'").

Finally, Plaintiff contends that Defendants acted outside of their official capacity and not under color of law in their treatment of Plaintiff. Since § 1983 lawsuit requires the defendants to be acting under color of law as an essential element this theory is non-viable. *See Luce v. Town of Campbell*, 872 F.3d 512, 514 (7th Cir. 2017).

Plaintiff's action is dismissed for failure to state a cognizable claim for relief.

IT IS THEREFORE ORDERED:

1. Motion for Leave to Amend [17] is GRANTED. Motion for Leave to Amend [16] is MOOT.

2. Plaintiff's amended complaint, and this lawsuit, are dismissed because Plaintiff does not state a cognizable claim. Fed. R. Civ. Pro. 12(b)(6); 28 U.S.C. § 1915A. The Court finds further amendment would be futile.

3. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff.

4. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues Plaintiff wishes to present on appeal, to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

5. Entered this 27th day of October, 2026.

*s/ Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE